# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALI RAZAVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-1026-R |
| | ) |
| CITY OF YUKON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed a Petition in the District Court of Canadian County, Oklahoma, alleging that his termination on May 3, 2016 was the result of national origin discrimination and retaliation for his complaints about national origin discrimination. Defendant filed a Motion to Dismiss (Doc. No. 3) to which Plaintiff has filed a Response (Doc. No. 4) and Defendant a Reply (Doc. No. 5). Having considered the parties' submissions, the Court finds as follows.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint, or in this case Petition, must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 554. Plaintiff must plead sufficient facts that the court may draw reasonable inferences that defendant is liable. *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009). Plaintiff need not show that the right to relief is probable, but the facts must raise the right to relief above the speculative level—it must be plausible. *Twombly*, 550 U.S. at 545. The Court

takes all well-pleaded allegations in plaintiff's complaint as true and construes them in his favor. *Smith v. United States*, 561 F. 3d 1090, 1098 (10th Cir. 2009). The Court's role at this stage is limited to determining whether the allegations are legally sufficient to state a claim for relief upon which relief may be granted. *Id*.

Although not apparent from the face of the Petition, Plaintiff is proceeding under Title VII of the Civil Rights Act of 1964, as set forth in Defendant's Notice of Removal. Under Title VII it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Court finds that Plaintiff has sufficiently stated a claim for retaliation under Title VII, because he alleges that he complained to his supervisors about his treatment at the hands of co-workers, who made jokes and derogatory comments about his national origin. He asserts that he was terminated within weeks of his complaints to his supervisors about the comments. The Court finds that at the pleading stage, Plaintiff has sufficiently alleged that he engaged in protected activity, that he was thereafter terminated, the termination following closely on the heels of his most recent complaints. The short interval between Plaintiff's complaints and his termination is sufficient at this stage to support an inference that Plaintiff's termination was in retaliation for his complaints of discrimination.

Plaintiff relies on the same factual basis for a claim of discriminatory termination. The Court finds that Plaintiff's Petition fails to sufficiently allege that his termination was the result of discrimination on the basis of his national origin. Although his petition could

arguably be read to include a hostile work environment claim, Plaintiff does not identify any such claim in his response to the motion to dismiss. As such, his discriminatory treatment claim will require allegations that he was treated differently than non-Iranian employees of Muslim heritage with regard to the terms and conditions of his employment. The Petition fails to make allegations in support of such a claim, and therefore, Defendant is entitled to dismissal of Plaintiff's Title VII discrimination claim.

In his response to the instant motion Plaintiff includes an alternative request to dismissal, leave to amend his allegations. The request is not presented as a standalone argument; rather Plaintiff merely seeks this alternative relief in a single sentence in the first paragraph of his Response brief and as the concluding sentence. The Court declines Plaintiff's request presented in this manner, without prejudice to filing a properly supported motion pursuant to Federal Rule of Civil Procedure 15.

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED** this 1st day of November 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE